[Cite as *Cleveland v. Wells*, 2017-Ohio-8403.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105208**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# CRAIG WELLS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 TRD 024732

**BEFORE:** Blackmon, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 2, 2017

**ATTORNEY FOR APPELLANT**

Christina M. Joliat
P.O. Box 391531
Solon, Ohio 44139


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Cleveland Law Director

By:    Kimberly Barnett
Chief Assistant Prosecuting Attorney
Lorraine Coyne
Assistant City Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Craig Wells ("Wells") appeals from the judgment of the Cleveland Municipal Court finding him guilty of driving under suspension in violation of Cleveland Codified Ordinance ("C.C.O.") 435.07, a traffic signal control under violation of C.C.O. 413.03, and having fictitious plates in violation of C.C.O. 435.09(f). He assigns the following as error for our review:

> The verdict of the Cleveland Municipal Court is against the manifest weight of the evidence as the evidence presented was not sufficient as a matter of law for finding [Wells] guilty.

{¶2} Having reviewed the arguments of the parties and the pertinent law, we affirm his convictions. The apposite facts follow.

{¶3} On July 9, 2016, following a motor vehicle collision at the intersection of Brookpark and Greyton Roads, Wells was cited for driving under suspension, proceeding through a red light, and having fictitious plates. The matter was tried to the court on October 24, 2016.

{¶4} Craig Tschappat testified that as he was leaving a wedding reception on Brookpark Road in Cleveland at approximately 10:15 p.m., he proceeded to his home in Bethesda, Ohio, approximately four hours away. He drove toward Interstate 480, and waited at a red light at the Greyton Road intersection. After the light turned green, and Tschappat began driving through the intersection with the right of way, his vehicle was struck broadside on the driver's side of the car. Tschappat testified that the entire driver's side of the vehicle was smashed inward. He crawled out of the vehicle through

the passenger side. As Tschappat exited, Wells apologized "multiple times," and said that he wasn't paying attention. They spoke for about two minutes. However, while en route to the hospital in the same ambulance, Tschappat heard Wells telling EMS personnel that he was not driving the vehicle involved in the collision. Tschappat later made a police report regarding the collision and informed police that Wells had initially apologized for the collision, then changed his story.

{¶5} Cleveland Police Officer Ashley Serrano ("Officer Serrano") testified that she went to Fairview Hospital immediately after the collision to investigate what had happened. She observed Wells who did not "have much to say." A female was in the trauma room, and she said that she "was in the car" and was "a passenger." Officer Serrano learned that the vehicle, a 2005 Honda Civic, displayed license plates for a 2008 Chevrolet.

{¶6} Cleveland Police Officer David Fox ("Officer Fox") learned that Wells's driver's license was under suspension at the time of the collision. According to LEADS information introduced into evidence, Wells's license was suspended from March 4, 2016 until March 4, 2017.

{¶7} The officers issued citations to Wells for driving under suspension, a traffic control device violation, and having fictitious plates. He initially signed the citations in the wrong section then re-signed them.

{¶8} Karen Diloreto ("Diloreto") testified on behalf of Wells and stated that she, and not Wells, was driving the 2005 Honda at the time of the collision. According to

Diloreto, they were taking the vehicle, which was owned by her friend, Keith's father, to the gas station. Diloreto admitted that she did not tell police that she was driving the car, but she testified that she did not see any police at the time of the collision. She also admitted that she has not made a police report explaining her role in the crash.

{¶9} At the conclusion of the case, the trial court stated that it did not find the defense witness to be credible and it convicted Wells of all three charges. Wells was then sentenced to 180 days incarceration, suspended, and $1,000 fine, with $900 suspended on the charge of driving under suspension. He was fined $150, with $100 suspended for the traffic control signal violation, and $150, with $100 suspended, for having fictitious plates.

{¶10} In his sole assigned error, Wells asserts that insufficient evidence was presented to support his convictions. He argues that there was no evidence that he was the driver of the 2005 Honda and that Diloreto testified that she was driving at the time of the collision.

{¶11} The question of whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. It is "an inquiry about due process, * * * the resolution of which does not allow the court to weigh the evidence." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In a sufficiency inquiry, an appellate court does not assess whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist. Cuyahoga No.

91682, 2009-Ohio-3375, ¶ 25, citing *Thompkins* at 387. "The relevant inquiry is whether, after viewing   the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."   *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶12} The essential elements of driving under suspension are set forth in C.C.O. 435.07 as follows:

> [N]o person, whose driver's * * * license * * * has been suspended * * * shall operate any motor vehicle upon the public roads and highways[.]

{¶13}   The essential elements of traffic control signal is set forth in C.C.O. 413.03 as follows:

> Vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or if none, then before entering the intersection, and shall remain standing until [green signal light].

{¶14} The essential elements of fictitious plates are set forth in C.C.O. 435.09(f) as follows:

> No person shall park or operate any vehicle upon any public street or highway upon which are displayed any license plates not legally registered and issued for the vehicle, or upon which are displayed any license plates that were issued on an application for registration that contains any false statement by the applicant.

{¶15} In this matter, the evidence presented by the city demonstrated that Tschappat waited at the intersection of Brookpark Road at Greyton Road while the light was red.   He stated that he began traveling through the intersection only after getting a

green light. As he proceeded through the intersection with the right of way, the 2005 Honda struck him broadside, smashing in the driver's side of his car. Tschappat had to crawl out of the passenger side in order to exit the car. As he exited, Wells approached him and admitted that he had not been paying attention. According to Tschappat, Wells repeatedly apologized for the collision. Further investigation revealed that Wells's driver's license was under suspension during the time of the collision, and that the license plates on the vehicle were for a 2008 Chevrolet. Although Wells told EMS personnel that he was not driving the 2005 Honda, when police spoke with individuals at the hospital regarding the collision, no other person claimed to be the driver, and a female near Wells stated that she was a passenger. In the intervening months after the accident and prior to the time of trial, no individuals claimed responsibility for the collision. At the conclusion of the trial, the court determined on the record that Tschappat was credible, but Diloreto was not credible.

{¶16} In light of all of the foregoing, we are unable to conclude that the convictions are supported by insufficient evidence. Viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offenses proven beyond a reasonable doubt.

{¶17} The assigned error is without merit.

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR